ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| ORLANDO HÉCTOR TIRADO CARDONA<br><br>Apelante<br><br>V.<br><br>MARÍA DEL CARMEN ROBLES VÁZQUEZ<br><br>Apelada | TA2026AP00265 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.: PO2022CV02683<br><br>Sobre: División de la comunidad de bienes |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 16 de marzo de 2026.

El 12 de marzo de 2026, el señor Orlando Héctor Tirado Cardona (señor Tirado Cardona o apelante) compareció ante nos y solicitó la revisión de una *Sentencia* emitida y notificada el 23 de enero de 2026 por el Tribunal de Primera Instancia, Sala Superior de Ponce (TPI).[1] En dicho dictamen, el foro primario declaró Ha Lugar la *Demanda* sobre división de la comunidad de bienes presentada por el apelante contra la señora María del Carmen Robles Vázquez (señora Robles Vázquez o apelada). Además, ordenó el pago de unos créditos a favor de la apelada por la suma de $16,059.42, así como la entrega de un pagaré hipotecario y la adjudicación e inscripción de un inmueble a su nombre.

Inconforme, el 28 de enero de 2026, el señor Tirado Cardona presentó, por medio de su entonces representación legal, una *Moción de Reconsideración y/o Enmienda a la Sentencia*, en la que sostuvo que, conforme a lo vertido en el juicio en su fondo y la propia

---

[1] Entrada Núm. 86 en el expediente del caso PO2022CV02683 en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

*Sentencia,* la suma de $16,059.42 no debía adjudicarse a favor de la apelada.[2]

En igual fecha, el TPI emitió y notificó una *Resolución Interlocutoria* en la que declaró Sin Lugar dicha solicitud.[3]

El 9 de febrero de 2026, el señor Tirado Cardona presentó, esta vez por derecho propio, una nueva *Moción de Reconsideración.*[4] Señaló que, a pesar de que su representante legal solicitó la reconsideración del dictamen y el foro *a quo* la denegó, el incumplimiento con los requisitos de contenido no interrumpía el término para recurrir, según la Regla 47 de Procedimiento Civil, 32 LPRA Ap. V, R. 47. Alegó que aportó bienes privativos en el inmueble que no se consideraron en la liquidación de la comunidad de bienes y cuestionó la adjudicación de un crédito a favor de la señora Robles Vázquez por un préstamo contraído con posterioridad a la radicación de la demanda de divorcio.

En atención a lo anterior, el 10 de febrero de 2026, el TPI emitió y notificó una *Orden* mediante la cual declaró No Ha Lugar la petición del apelante y consignó que el 28 de enero de 2026 había dispuesto su *Moción de Reconsideración y/o Enmienda a la Sentencia.*[5]

Por las razones que se exponen a continuación, se adelanta la desestimación del recurso por presentarse tardíamente.

En virtud de la Regla 7 (B) (5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, 217 DPR __ (2025), y a fin de lograr un despacho justo y eficiente, se prescinde de la comparecencia de la parte apelada.

---

[2] *Íd.,* Entrada Núm. 87 en SUMAC.
[3] *Íd.,* Entrada Núm. 90 en SUMAC.
[4] *Íd.,* Entrada Núm. 92 en SUMAC.
[5] *Íd.,* Entrada Núm. 94 en SUMAC.

# I.

## A. Jurisdicción

La jurisdicción es el poder o la autoridad de un tribunal para considerar y decidir casos y controversias. *JJJ Adventure v. Consejo de Titulares y otros*, 2025 TSPR 123, 216 DPR ___ (2025); *Allied Mgmt. Group v. Oriental Bank*, 204 DPR 374, 385-386 (2020). En su ausencia, el tribunal carece de facultad para adjudicar la controversia y cualquier dictamen emitido resulta nulo e inexistente. *Íd.*; *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). Por ello, todo foro judicial debe examinar primero su jurisdicción, ya que no puede asumirla discrecionalmente. *JJJ Adventure v. Consejo de Titulares y otros, supra*; *Torres Alvarado v. Madera Atiles, supra*.

Cuando este Tribunal carece de jurisdicción para intervenir en un asunto, procede desestimar el recurso sin atender los méritos de la controversia. *Íd.* En ese sentido, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, R. 83, faculta a este foro a desestimar, a iniciativa propia, un recurso por falta de jurisdicción. Entre las instancias que privan de jurisdicción al Tribunal se encuentra la presentación tardía o prematura del recurso. *Ruiz Camilo v. Trafón Group, Inc.*, 200 DPR 254, 268-269 (2018).

Una apelación en un caso civil debe presentarse dentro del término jurisdiccional de treinta (30) días contados desde el archivo en autos de la notificación de la sentencia, salvo que una ley especial disponga un término distinto. Regla 13 (A) del Reglamento del Tribunal de Apelaciones, *supra*, R. 13 (A); Regla 52.2 (a) de Procedimiento Civil, *supra*, R. 52.2 (a). No obstante, la presentación oportuna de una moción de reconsideración interrumpe el término para presentar una apelación, el cual comienza a decursar a partir del archivo en autos de la notificación de la resolución que dispone definitivamente de dicha moción. Regla 52.2 (e)(2) de Procedimiento Civil, *supra*, R. 52.2 (e)(2).

Un término jurisdiccional es fatal, improrrogable e insubsanable, por lo que no puede acortarse ni extenderse. *Ruiz Camilo v. Trafón Group, Inc., supra.* Su incumplimiento priva al tribunal de jurisdicción para atender la controversia. *Íd.*

### B. Moción de reconsideración

El mecanismo procesal de la reconsideración permite que un tribunal corrija o enmiende posibles errores en los que haya incurrido al emitir un dictamen. *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742 (2023); *Simons y otros v. Leaf Petroleum Corp.*, 209 DPR 216 (2022); *Rivera Marcucci et al. v. Suiza Dairy*, 196 DPR 157, 166 (2016); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016); *Morales y otros v. The Sheraton Corp.*, 191 DPR 1 (2014). Dicho mecanismo se regula de manera que no se convierta en un medio para dilatar injustificadamente la ejecución de un dictamen. *Íd.*; *Lagares v. ELA*, 144 DPR 601, 609 (1997). A esos efectos, la Regla 47 de Procedimiento Civil, *supra*, R. 47, dispone lo siguiente:

> [...] La parte adversamente afectada por una sentencia del Tribunal de Primera Instancia podrá presentar, dentro del término jurisdiccional de quince (15) días desde la fecha de archivo en autos de copia de la notificación de la sentencia, una moción de reconsideración de la sentencia.
> La moción de reconsideración debe exponer con suficiente particularidad y especificidad los hechos y el derecho que el promovente estima que deben reconsiderarse y fundarse en cuestiones sustanciales relacionadas con las determinaciones de hechos pertinentes o conclusiones de derecho materiales.
> La moción de reconsideración que no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir.
> Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración. [...]

Así, aunque la presentación de una moción de reconsideración puede interrumpir el término para recurrir al foro apelativo, tal efecto está condicionado al cumplimiento de los requisitos de fondo de la regla. *Rivera Marcucci et al. v. Suiza Dairy, supra*, pág. 167; *Marrero Rodríguez v. Colón Burgos*, 201 DPR 330 (2018).

De otra parte, una subsiguiente moción de reconsideración solo interrumpe el término para recurrir al foro apelativo cuando se dirige a impugnar una determinación que, como consecuencia de la primera moción de reconsideración, modificó sustancialmente el dictamen original. *Marrero Rodríguez v. Colón Burgos, supra.* En tal caso, la moción debe identificar las alteraciones sustanciales o las nuevas determinaciones de hechos o de derecho cuya reconsideración se solicita, a fin de evitar la extensión indefinida del término para recurrir mediante la presentación de subsiguientes mociones de reconsideración frívolas por los mismos fundamentos. *Íd.*

**II.**

Nos corresponde, en primer lugar, determinar si este recurso de apelación se presentó dentro del término jurisdiccional aplicable. Tras examinar el expediente, concluimos que el mismo se presentó tardíamente.

La *Sentencia* apelada se notificó el 23 de enero de 2026. El apelante presentó su reconsideración el 28 de enero de 2026, la cual el TPI denegó el mismo día. En consecuencia, el término jurisdiccional para presentar la apelación comenzó a transcurrir desde el archivo en autos de la notificación de la *Orden* emitida y notificada el 28 de enero de 2026, cuando el foro primario declaró sin lugar dicha reconsideración.

En ese contexto, la segunda moción de reconsideración presentada el 9 de febrero de 2026 no tuvo efecto interruptor del término para comparecer ante este Tribunal. Como se expuso previamente, una moción subsiguiente de reconsideración solo interrumpe el término para recurrir cuando se dirige a impugnar una determinación que, como consecuencia de la primera reconsideración, haya modificado sustancialmente el dictamen original. Ello no ocurrió en el presente caso, pues el TPI denegó la solicitud sin alterar la *Sentencia* apelada. Así, queda claro que la sola

presentación, por parte del apelante, de su segunda moción de reconsideración no tuvo el efecto de extender el término jurisdiccional para recurrir.

Finalmente, señalamos que no corresponde al propio apelante determinar que la moción de reconsideración presentada por su entonces representante legal no tuvo efecto interruptor por supuestamente la misma incumplir con los términos de la Regla 47 de Procedimiento Civil, *supra*, R. 47. A esto se suma el hecho de que el TPI, al disponer de la segunda moción de reconsideración, lo que hizo fue remitirse a su determinación de 28 de enero de 2026.

Establecido lo anterior, no albergamos dudas de que en el caso ante nuestra consideración el término jurisdiccional para presentar la apelación comenzó a transcurrir desde el archivo en autos de la notificación de la *Orden* emitida y notificada el 28 de enero de 2026 que dispuso de la solicitud de reconsideración original.

Sabido es que el término para apelar un dictamen es jurisdiccional, fatal, improrrogable e insubsanable. En consecuencia, dado que el recurso se presentó el 12 de marzo de 2026, en exceso del término jurisdiccional de treinta (30) días, este Tribunal carece de jurisdicción para atender la controversia en sus méritos.

**III.**

Por los fundamentos que anteceden, se desestima el recurso de apelación presentado por el señor Tirado Cardona.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones